UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, et al., | No. 2:12-cv-2182-KJM-KJN |
| Plaintiffs, | |
| v. | |
| STEADFAST INSURANCE COMPANY, et al., | |
| Defendants. | |
| LENNAR MARE ISLAND, LLC, | No. 2:16-cv-0291-KJM-KJN |
| Plaintiff, | |
| v. | ORDER |
| STEADFAST INSURANCE COMPANY, | |
| Defendant. | |

On November 3, 2016, these cases were before the undersigned to address defendant/counterclaimant Steadfast Insurance Company's ("Steadfast") motion to quash the third party subpoenas plaintiff/counter defendant Lennar Mare Island, LLC ("Lennar") served on non-party reinsurers General Reinsurance Corporation, Guy Carpenter & Company, LLC,

1

Odyssey Re Holdings Corp., Swiss Re America Holding Corporation, and Transatlantic Reinsurance Company (collectively "reinsurers").  (Case No. 12-cv-2182, ECF No. 393; Case No. 2:16-cv-0291, ECF No. 39.)[1]  Attorney Allan Packer appeared on behalf of Lennar.  Attorneys Dale Oliver and Jack Baumann appeared on behalf of Steadfast.  Attorneys John McConkie, Serajul Ali, and John Jacobson appeared telephonically on behalf of intervenor plaintiff United States.  Attorney Amanda Hairston appeared telephonically on behalf of counterclaimant/counter defendant CH2M Hill Constructors, Inc.

Based on Steadfast's motions and the parties' joint statements regarding this discovery dispute, other relevant filings, and oral arguments, and for the reasons discussed below and on the record during the hearing, IT IS HEREBY ORDERED that:

1. Steadfast's motions to quash (Case No. 12-cv-2182, ECF No. 393; Case No. 2:16-cv-0291, ECF No. 39) are DENIED.  The court finds that the information requested through the subpoenas is relevant to the issues in this case and, to the extent Steadfast has standing to quash the subpoenas directed at the third party reinsurers, see California Sportfishing Prot. All. v. Chico Scrap Metal, Inc., 299 F.R.D. 638, 643 (E.D. Cal. 2014) ("The general rule . . . is that a party has no standing to quash a subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."); Wahoo Int'l, Inc. v. Phix Doctor, Inc., 2014 WL 3573400, at *2 (S.D. Cal. July 18, 2014) ("Under FRCP 45(c)(3), a party lacks standing to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena."), it fails to meet its burden in showing that it holds a personal right or privilege with regard to any specific documents sought from the reinsurers.  Accordingly, the third party reinsurers shall produce documents responsive to the requests set forth in Lennar's subpoenas within a reasonable timeframe.  If a reinsurer subject to one of the subpoenas has any objections to the subpoena requests directed towards it, that reinsurer may file a

---

[1] The motions to quash filed in both actions are identical.  Accordingly, this order treats Steadfast's two motions to quash as a single motion.

properly noticed motion to quash or modify the subpoena on its own behalf. Any such motions should be filed as soon as reasonably possible.

2. To the extent the parties believe a protective order regarding the documents to be produced by the third party reinsurers pursuant to this order is necessary, the parties shall work cooperatively to develop such a stipulated order with provisions appropriate to address the parties' concerns regarding the reinsurers' production in response to the subpoenas.

3. The court's April 7, 2015 order in 2:12-cv-2182 that the parties be required to meet in person to meet and confer regarding any discovery disputes in that action prior to filing a discovery motion (ECF No. 263 at 4, 9-10) is VACATED. The parties may satisfy the meet and confer requirement telephonically or through other remote means prior to filing future discovery motions provided that such communications are not treated as a perfunctory exercise.

4. This order resolves the motions to quash filed at ECF No. 393 in Case No. 12-cv-2182, and ECF No. 39 in Case No. 2:16-cv-0291.

IT IS SO ORDERED.

Dated: November 4, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE