UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LENNAR MARE ISLAND, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STEADFAST INSURANCE COMPANY, et al.,<br><br>    Defendants. | No. 2:12-cv-2182-KJM-KJN |
| LENNAR MARE ISLAND, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>STEADFAST INSURANCE COMPANY,<br><br>    Defendant. | No. 2:16-cv-0291-KJM-KJN<br><br><u>ORDER</u> |

On March 23, 2017, these cases were before the undersigned to address Steadfast Insurance Company's ("Steadfast") motion for a protective order and to quash deposition notices that Lennar Mare Island, LLC ("Lennar") served on Steve Hatch, the Chief Claims Officer for Zurich American Insurance Company ("Zurich"), Steadfast's parent company, and John

1

Mahoney, the Senior Vice President for Technical Claims at Zurich.[1]  (ECF No. 471 in Case No. 12-cv-2182; ECF No. 102 in Case No. 2:16-cv-0291.)[2]  Attorney John Purcell appeared on behalf of Steadfast.  Attorney Allan Packer appeared on behalf of Lennar.  Attorney John McConkie appeared telephonically on behalf of intervenor plaintiff United States.  Attorney Amanda Hairston appeared telephonically on behalf of counterclaimant/counter defendant CH2M Hill Constructors, Inc.

Based on Steadfast's motions and the parties' joint statements regarding these discovery disputes, other relevant filings, and oral arguments, and for the reasons discussed below and on the record during the hearing, IT IS HEREBY ORDERED that:

1. The discovery completion deadline in both actions is extended to April 14, 2017, for the sole purpose of tentatively scheduling the depositions of Steve Hatch and John Mahoney.[3]  The current April 7, 2017 discovery completion deadline remains in place in both actions for all other non-expert discovery, including the depositions of any other individuals.  All other deadlines set forth in the operative pretrial scheduling order filed in both actions on June 28, 2016, remain in effect.

2. The parties shall forthwith schedule mutually agreed upon tentative deposition dates for both Steve Hatch and John Mahoney set prior to the April 14, 2017 extended deadline, but after the deposition of Robert Koscielniak scheduled for April 5, 2017.

---

[1] As discussed during the hearing, the court finds that both Steve Hatch and John Mahoney are high-level executives within Zurich, thereby qualifying them as "apex witnesses" for purposes of determining whether their depositions should be taken.  "In determining whether to allow an apex deposition, courts consider (1) whether the deponent has unique first-hand, non-repetitive knowledge of the facts at issue in the case and (2) whether the party seeking the deposition has exhausted other less intrusive discovery methods."  Apple Inc. v. Samsung Elecs. Co., Ltd, 282 F.R.D. 259, 263 (N.D. Cal. 2012) (internal quotation marks omitted).  Accordingly, the court uses this standard to assess whether Lennar should be permitted to take the depositions of Steve Hatch and John Mahoney.

[2] The motions filed in each action are identical.

[3] The undersigned modifies the discovery deadline in the manner set forth above pursuant to the authority granted to the magistrate judge in the operative pretrial scheduling order filed in both actions on June 28, 2016.  (ECF No. 382 in Case No. 12-cv-2182; ECF No. 30 in Case No. 2:16-cv-0291.)

2

3. The court is disinclined to allow the deposition of Steve Hatch to proceed because it finds that Lennar has not made an adequate showing that his deposition is necessary to obtain the testimony it seeks, especially in light of the upcoming depositions of lower level employees, in particular, Robert Koscielniak, who may have more direct knowledge of the issues, and the representation of Steadfast's counsel during the hearing on this matter that Steadfast would be willing to enter a stipulation regarding what Steve Hatch would testify to addressing the extent of his personal knowledge, or lack thereof, as to the handling of the insurance claims at issue in these actions. Nevertheless, the court is amenable to revisiting the issue of whether Steve Hatch's deposition should proceed after the parties have taken the deposition of Robert Koscielniak and have had the opportunity to determine whether that individual's deposition testimony as well as any agreed stipulation has alleviated Lennar's need to obtain testimony from Steve Hatch.

4. The court is inclined to permit Lennar to take the deposition of John Mahoney after the deposition of Robert Koscielniak based on its finding that Lennar has established that Mr. Mahoney had at least some hands-on involvement with the insurance claims at issue in this action and may hold some relevant, unique first-hand knowledge regarding the handling of those claims. However, the court strongly encourages the parties to first discuss the possibility of stipulating to what John Mahoney would testify to regarding the extent of his personal knowledge as to the handling of the insurance claims at issue in these actions in lieu of proceeding with his deposition. Furthermore, the court is amenable to revisiting the issue of whether John Mahoney's deposition should proceed after the parties have taken the deposition of Robert Koscielniak and have had the opportunity to determine whether that individual's deposition testimony and any stipulation has alleviated Lennar's need to obtain testimony from John Mahoney.

5. The parties should be prepared to discuss the issue of whether Steve Hatch's and John Mahoney's depositions should proceed in light of the testimony obtained from Robert

Koscielniak's deposition during the hearing on Lennar's and Steadfast's pending motions to compel discovery in both actions, all of which are currently noticed before the undersigned for an April 6, 2017 hearing. In the event the parties resolve their discovery disputes addressed by their pending motions to compel prior to the hearing date, or if the hearing on those motions is either continued or vacated for any other reason, the parties may stipulate to holding a telephonic conference with the undersigned regarding whether Lennar should be permitted to take the tentatively scheduled depositions of Steve Hatch and/or John Mahoney in light of the deposition of Robert Koscielniak and any other relevant discovery that has occurred in the time since the March 23, 2017 hearing on Steadfast's present motion for a protective order.

6. This order resolves the motion for a protective order filed at ECF No. 471 in Case No. 12-cv-2182, and ECF No. 102 in Case No. 2:16-cv-0291.

IT IS SO ORDERED.

Dated: March 24, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE